**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Julian Spottedhawk Ramirez,<br><br>Defendant. | ) | **ORDER DISMISSING DEFENDANT'S PETITION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255**<br><br>Case No. 1:07-cr-047 |
| Julian Spottedhawk Ramirez,<br><br>Petitioner,<br><br>vs.<br><br>United States of America,<br><br>Respondent. | ) | Case No. 1:08-cv-078 |

Before the Court is the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on August 29, 2008. See Docket No. 40. On September 15, 2008, the Defendant filed a motion for leave to amend the 28 U.S.C. § 2255 petition and included the amended petition. See Docket No. 44. On September 17, 2008, the Court issued an order granting the Defendant's motion for leave to amend the petition, and ordered the Government to file a response within sixty (60) days. See Docket No. 45. On September 17, 2008, the Defendant's amended petition was filed, which the Court will treat as a separate petition. See Docket No. 46. On October 21, 2008, the Government filed a response requesting that the Court dismiss the Defendant's

petitions. See Docket No. 53. For the reasons set forth below, the Defendant's petition and amended petition are dismissed.

## I. BACKGROUND

On June 6, 2007, the defendant, Julian Ramirez, was charged in a ten-count indictment with engaging in sexual abuse of minors T.D. and S.C. in violation of 18 U.S.C. §§ 1153 and 2243(a). See Docket No. 1. Ramirez made an initial appearance on August 9, 2007, and William Schmidt of the Federal Public Defender's Office was appointed as defense counsel. See Docket Nos. 7, 8. A plea agreement was filed on November 26, 2007. See Docket Nos. 20, 21.

A change of plea hearing was held on December 19, 2007. See Docket No. 25. Ramirez pled guilty to counts one and eight of the indictment. See Docket No. 50. On May 12, 2008, the Court sentenced Ramirez to 44 months on each of the two counts, to run concurrent, and five years of supervised release. See Docket No. 39. In addition, the Court ordered Ramirez to pay a special assessment in the amount of $200. See Docket No. 39. The Government dismissed counts two through seven and counts nine and ten. See Docket No. 35.

On August 29, 2008, Ramirez moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See Docket No. 40. Ramirez filed an amended petition on September 17, 2008. See Docket No. 46. Ramirez contends that: (1) defense counsel was ineffective for failing to seek the suppression of statements that Ramirez made to law enforcement; (2) defense counsel was ineffective for failing to investigate whether Bureau of Indian Affairs Special Agent David Lawrence was investigating other suspects for sexual crimes committed against T.D.; and (3) the

statements he made to law enforcement were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). See Docket Nos. 40, 46.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 authorizes a challenge by "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." "A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" United States v. Gianakos, 2007 WL 3124686, at *4 (D.N.D. Oct. 23, 2007) (quoting Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962)). Ineffective assistance of counsel claims are properly raised in a 28 U.S.C. § 2255 action. See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006). To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984).

The defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls below an objective standard of reasonableness. Id. at 687-88; see also Marcrum v. Luebbers, 509 F.3d 489, 502 (8th Cir. 2007). To determine whether counsel satisfied the reasonableness standard, a court must "assess reasonableness on all the facts of the particular case," "view the facts as they existed at the time of counsel's conduct" and not in hindsight, and "evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing" of the prosecution's case. See Marcrum,

509 F.3d at 502. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005).

The defendant must then show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. Prejudice is rarely presumed in ineffective assistance of counsel cases. Prejudice is presumed "when there has been a complete denial of counsel or a denial of counsel at a critical stage, when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' or when even competent counsel could not be expected to be of assistance given the circumstances." Malcom v. Houston, 518 F.3d 624, 627 (8th Cir. 2008). Ramirez has not alleged any conduct by defense counsel which would give rise to a presumption of prejudice. Therefore, to succeed on his ineffective assistance of counsel claims, Ramirez must show that counsel's performance prejudiced his defense. "A showing of prejudice requires a determination by the court that 'there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. White, 341 F.3d 673, 677 (8th Cir. 2003) (quoting Strickland, 466 U.S. at 694).

The standard set forth in Strickland requires that judicial scrutiny of counsel's performance be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

## III. LEGAL DISCUSSION

The threshold issue is whether defense counsel's performance was deficient and whether such deficiency prejudiced Ramirez's defense. Cumulative error by counsel will not justify habeas relief because each ineffective assistance of counsel claim must stand or fall on its own. See Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990).

### A. SUPPRESSION OF STATEMENTS

Ramirez contends that his defense counsel was ineffective for failing to seek the suppression of statements that Ramirez made to law enforcement officers. Ramirez contends that statements he made to Special Agent David Lawrence were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), because Agent Lawrence continued to interrogate Ramirez after he had made a request for counsel. Ramirez argues that "Agent Lawrence, however, told Ramirez that an attorney was not available for him and that he should just cooperate with the questioning because Lawrence knows that Ramirez 'is guilty.' Agent Lawrence's continued harassment is what induced Ramirez to make false and incriminating statements against himself and to sign a Miranda waiver." See Docket No. 44. Ramirez further states, "I was forced to make incriminating statements against myself as a result of Special Agent David Lawrence's threats and continual baggering (sic), and that Agent Lawrence's misconduct violated my substantial rights under the Due Process and Equal Protection Clauses of the Fifth Amendment." See Docket No. 41.

Whenever a suspect is taken into custody and subjected to interrogation, procedural safeguards must be employed to protect the suspect's Fifth Amendment privilege against self-incrimination. See Miranda, 384 U.S. at 478-79. The suspect "must be warned prior to any

questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Id. at 479. "Miranda warnings make it clear to the accused that he has the right to have an attorney present during questioning, to consult with an attorney, and to have one appointed for him if he cannot afford one of his own." United States v. Chadwick, 999 F.2d 1282, 1285 (8th Cir. 1993). If the suspect requests counsel, "the interrogation must cease until an attorney is present." Miranda, 384 U.S. at 474. The suspect may waive his Miranda rights provided that the waiver is made knowingly, voluntarily, and intelligently. Id. at 444. A violation of Miranda may result in the suppression of evidence. See United States v. Martinez, 462 F.3d 903 (8th Cir. 2006).

In order to succeed on a claim of ineffective assistance of counsel in this context, Ramirez must show that his suppression claim was "meritorious and that there is a reasonable probability that the [results] would have been different absent the excludable evidence." United States v. Vargas, 469 F. Supp. 2d 752, 770 (D.N.D. 2007) (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)); Adcox v. O'Brien, 899 F.2d 735, 737 (8th Cir. 1990). Because he pled guilty, in order to demonstrate that the results of the proceeding would have been different, Ramirez must show there was a reasonable probability that he would not have pled guilty and that he would have insisted on going to trial had counsel successfully sought suppression of his statements. United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007).

Even assuming for the sake of argument that Ramirez's Miranda rights were violated, Ramirez has failed to establish that defense counsel was deficient for failing to seek the suppression of his statements. Separate and apart from Ramirez's confession, there is an abundance of evidence

establishing guilt as to counts one and eight: DNA analysis of vaginal swabs obtained from T.D. confirms that semen detected on the swabs matches the known DNA profile of Ramirez; both T.D. and S.C. admitted to law enforcement officials that they had engaged in sexual intercourse with Ramirez on more than one occasion; Ramirez's sister, Wenona Redhawk Ramirez, informed law enforcement that she was aware that Ramirez had engaged in sexual conduct with T.D. and S.C.; and family members of T.D. informed law enforcement that in April 2007 they found T.D. lying on a bed wearing no clothes and Ramirez lying next to her wearing boxers and a t-shirt. In light of the overwhelming evidence establishing Ramirez's guilt, the Court finds that defense counsel's alleged failure to seek the suppression of Ramirez's statements was a reasoned tactical decision. Given Strickland's strong presumption that counsel's strategic or tactical decisions are correct, defense counsel's decision to not seek the suppression of Ramirez's statements "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Accordingly, the Court finds that defense counsel's conduct was not deficient. More important, the record clearly shows that there is no reasonable probability that the result in this case would have been different absent the confessions of Ramirez. Ramirez has also failed to show there was a reasonable probability that he would not have pled guilty and would have insisted on going to trial had counsel successfully sought suppression of his statements.

The Government furnished a plea agreement which was highly favorable to Ramirez. Ramirez was charged in an indictment with ten felony counts of sexual abuse of a minor. The plea agreement called for a plea of guilty to only two of the counts, counts one and eight. By pleading guilty to counts one and eight, Ramirez admitted to engaging in sexual activity with T.D. on only one occasion, and similarly admitted to engaging in sexual activity with S.C. on only one occasion.

If Ramirez had not pled guilty to counts one and eight, he would have proceeded to trial on all ten counts. If found guilty on all ten counts, Ramirez would have faced a significantly higher total offense level and sentencing range than he faced on the two counts. By pleading guilty to counts one and eight, Ramirez's total adjusted offense level was 22 with a Sentencing Guideline range of 41-51 months imprisonment. The Court ultimately sentenced Ramirez to a mid-range sentence of 44 months on each count, to run concurrent. There is no question Ramirez obtained a favorable outcome under the circumstances.

The Court finds that defense counsel made a reasoned tactical decision to not seek the suppression of Ramirez's statements. The evidence of record, independent of Ramirez's statements, overwhelmingly establishes his guilt. Further, the plea agreement provided Ramirez with significant incentives to plead guilty to two counts rather than to proceed to trial on all ten counts. Accordingly, the Court finds that Ramirez has failed to establish that, but for defense counsel's conduct, he would have proceeded to trial on all ten counts. As a result, Ramirez is not entitled to habeas relief on this claim.

## B. FACTUAL INNOCENCE

Ramirez next contends that defense counsel was deficient for failing to investigate evidence that other individuals sexually abused T.D. Ramirez contends, "on or around August 11, 2007, I informed Attorney Schmidt that there exists a tape recording of Agent Lawrence lying in Tribal Court concerning the fact that there were (sic) more than one suspects (sic) for the assault of [T.D.]." See Docket No. 41. Ramirez states, "Had Attorney Schmidt not refused to bring this matter to the Court's attention, I believe that there is at least a reasonable probability that my conviction would

not have resulted, because the plea of guilty would have been rendered invalid . . . ." See Docket No. 41.

Even if T.D. had been sexually abused by individuals other than Ramirez, the evidence overwhelmingly established that Ramirez also sexually abused T.D. DNA analysis confirmed that Ramirez engaged in sexual activity with T.D. Wenona Redhawk Ramirez informed law enforcement that she was aware of Ramirez's sexual relationship with T.D., and that she had heard Ramirez and T.D. engaging in sexual intercourse. Evidence of possible sexual abuse by other individuals does not disprove the overwhelming evidence which established beyond a reasonable doubt that Ramirez sexually abused T.D. Accordingly, the Court finds that defense counsel was not deficient for allegedly failing to investigate other suspects, and that defense counsel's alleged failure to investigate did not prejudice Ramirez's defense. Ramirez is not entitled to habeas relief on this claim.

### C. MIRANDA VIOLATION

Ramirez raises a substantive claim that the statements he made to law enforcement officers violated Miranda. Ramirez contends that "[t]he conviction is therefore, invalid." See Docket No. 40.

Rule 11 of the Federal Rules of Criminal Procedure governs the admissibility of a plea in a criminal case. Before a court may accept a guilty plea, the court must inform the defendant of, and ensure that the defendant understands, the following:

> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1). The Court fully complied with the requirements of Rule 11 in this case. See Docket No. 50, pp. 22-44 (Transcript of Change of Plea Hearing).

By pleading guilty to counts one and eight, Ramirez agreed to waive his right to appeal the entry of judgment against him:

> 27. Defendant waives his rights to appeal his conviction and the entry of judgment against him including an appeal of any motions, defenses, probable cause determinations, and objection which he has asserted in this case . . . .
>
> The defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶ 6(3) premised on a right newly recognized by the United States Supreme Court.

See Docket No. 20.

At the change of plea hearing, the Court informed Ramirez of the maximum penalties for counts one and eight. "Counts 1 and 8 are both entitled sexual abuse of a minor and they carry up to a maximum of 30 years imprisonment, a $500,000 fine, you can be placed on what's called supervised release for up to six years, and that's what status that you're in when you're released from custody." See Docket No. 50, p. 23. The Court further informed Ramirez that he would be ordered to pay a $200 special assessment to the Clerk of Court and that the Court could order him to pay restitution to the victims. See Docket No. 50, p. 23.

The Court informed Ramirez of the Sentencing Guidelines and described the effect that the Guidelines could have on his sentence. "In the federal system, we have these Sentencing Guidelines that all judges are required to review in every case and to take those Guidelines into consideration in determining what would be a reasonable sentence for you." See Docket No. 50, p. 25. "In the plea agreement the parties have discussed some of the factors that might affect the sentence in this case, and . . . the adjusted offense level that the Government believes will apply to this case is a number 22, criminal history category I. Under the Sentencing Guidelines that provides for a recommended sentence range in this case for you of 41 to 51 months." See Docket No. 50, pp. 25-

26. The Court informed Ramirez that it is not bound by the sentencing recommendations of the parties, and may sentence Ramirez above the Sentencing Guidelines. See Docket No. 50, p. 27.

The Court then spoke with Ramirez about his constitutional rights as a person accused of a crime in federal court.

[The Court]: First of all, most important of all, you have a right to a trial on these charges. Do you understand that?

[The Defendant]: Yes, I do.

[The Court]: And that means that you can maintain your plea of being not guilty and you can force the Government to go to trial . . . . And if this case went to a trial, you are entitled to be represented by an attorney all the time, and your attorney, Mr. Schmidt, would have a right to question anything that the Government puts on at trial as far as witnesses or exhibits are concerned. You would have a right to present a defense to this charge by taking the stand and denying that any of this – any of these facts that you have been charged with that are a part of these crimes are true. Do you understand all that?

[The Defendant]: Yes, I do.

[The Court]: And you would also have a right – if this case went to trial and the jury convicted you of one or all eight of these counts, you have a right to appeal that to a higher court and challenge the jury's decision, and you would have a right to appeal to a higher court and challenge the sentence that I order that you serve.

But having signed a plea agreement and deciding to enter a plea of guilty to these two counts, then you are giving up those rights that I've told you about. The most important is you're giving up your right to a jury trial. Do you understand that?

[The Defendant]: Yes.

[The Court]: And that's something that you're willing to do in this case voluntarily?

[The Defendant]: Yes, I am.

[The Court]: Anybody forced you or threatened you or intimated you or done anything to you to get you to come in here to plead guilty to these two counts?

[The Defendant]: No, they haven't.

[The Court]: Anybody promised you anything at all in exchange for coming in here today to plead guilty to these two counts?

[The Defendant]: No.

See Docket No. 50, pp. 28-30.

The Court then discussed paragraph 27 of the plea agreement to ensure that Ramirez was aware of the rights that he was waiving by pleading guilty to counts one and eight:

[The Court]: Then let's take a look at paragraph 27, which is found on page 10. And paragraph 27 is a paragraph that's found in most plea agreements throughout the country today and it talks about your right to appeal. And what it means in very simple terms for you is that by signing this plea agreement, you're giving up your right to appeal the conviction, these two felony counts, and you're giving up your right to appeal the sentence that I order that you serve. In other words, you're going to be left with these two felonies on your record and you're going to be left to serve the sentence that I order that you serve. Understood?

[The Defendant]: Yes.

See Docket No. 50, p. 31.

Next, the Court confirmed that there was a factual basis for counts one and eight:

[The Court]: Okay. Then let's turn to paragraph 6 of the plea agreement found on page 2 and moves on up to the top of page 3. And paragraph 6 is contained in that plea agreement to provide a summary of the facts that led up to these charges being brought against you in Federal Court. Before I can accept a plea of guilty from you, I need to make sure that there [are] facts that you agree to that support finding you guilty of

sexual abuse of a minor as spelled out in Counts 1 and 8 in the indictment. That's what paragraph 6 does. And I just want to make sure from you here today whether the information that's contained in paragraph 6 is accurate. Is it?

[The Defendant]: Yes, it is.

. . .

[The Court]: And with respect to [S.C.], where did this incident take place at?

[The Defendant]: My house.

. . .

[The Court]: So why fool around with a 13-year-old girl? You know that's going to get you in trouble, or didn't you know that?

[The Defendant]: I knew that.

[The Court]: Okay.

[The Defendant]: I knew it was wrong.

[The Court]: Pardon?

[The Defendant]: I knew it was wrong.

[The Court]: So why do it?

[The Defendant]: I really don't know. Just happened.

[The Court]: And is that the same sort of thing that happened with [T.D.]?

[The Defendant]: Yes, it is.

See Docket Nos. 50, pp. 32-33, 36, 37, 38.

The Court found that Ramirez was competent and capable of entering a plea, and that he had entered a knowing and voluntary plea in this case. See Docket No. 50, pp. 44-45. The Court also found that there was a sufficient factual basis to support finding Ramirez guilty on both counts one

and eight. See Docket No. 50, p. 45. Accordingly, the Court accepted Ramirez's guilty pleas as to counts one and eight. See Docket No. 50, p. 44.

It is clear that the requirements of Rule 11(b)(1) of the Federal Rules of Criminal Procedure were fully satisfied during Ramirez's change of plea hearing. By pleading guilty to counts one and eight, Ramirez waived his right to "contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶ 6(3) premised on a right newly recognized by the United States Supreme Court." See Docket No. 20, ¶ 27. Ramirez's substantive claim challenging the validity of his statements to law enforcement is neither an ineffective assistance of counsel claim nor a claim based on a right newly recognized by the Supreme Court. More important, even if this claim is considered to be a claim of ineffective assistance of counsel, the Court finds that Ramirez has failed to show that there is a reasonable probability that the result would have been different absent his confessions and admissions of criminal misconduct. There was overwhelming evidence of Ramirez's guilt on the multiple charges of sexual abuse of the two minor victims, irrespective of his confessions to law enforcement officers. Accordingly, Ramirez is not entitled to habeas relief on this claim.

## IV. CONCLUSION

Based on the foregoing reasons, Ramirez's petition (Docket No. 40) and amended petition (Docket No. 46) for habeas corpus relief are **DISMISSED**. The Court certifies that an appeal from the denial of these motions may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45.

Based upon the entire record before the Court, dismissal of the motions is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.[1]

If Ramirez desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and amended petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 19th day of February, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

[1]The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).